Your argument is 20-1573 SpeedTrack v. Amazon. Mr. Block, whenever you're ready. May it please the Court, Alan Block on behalf of Plaintiff Appellant SpeedTrack. In the March 1995 amendment, at Appendix 3183-3186, the inventors of the three... Mr. Block, this is Judge Wainwright. Just on a preliminary matter, and I hate to interrupt you so early, but should we decide the 101 issue first? What happens if we decide one way or the other to the remainder of the case? Where does that leave us? Well, obviously the 101 issue would be dispositive of the case. But it's on cross-appeal and it's only being raised because we've appealed the claim construction issue on the hierarchical phrase. This is Judge Proust. I was going to explore that a little with Mr. Phillips because I understood it to be a conditional cross-appeal. Right. But I wanted some clarification. Do you understand it to be a conditional cross-appeal that we only reach if we decide for you on the merits? That's correct, Your Honor. Okay. We can get some clarification from Mr. Phillips as well. Okay. Thank you. In the March 1995 amendment at Appendix 3183 through 3186, the inventors of the 360 patent distinguished the prior Schwartz reference by amending the claims to require that the category descriptions, which are stored in the initially defined category description table, comprise descriptive names that have no predefined hierarchical relationship with such lists or each other. Nothing in this amendment or in the inventors' remarks describing this amendment amounts to a clear and unmistakable disclaimer of category descriptions that are based on a field and value relationship where the field is a category and a value is an example of that category. The district court has erred by adding this disclaimer to the ordinary meaning construction of hierarchical, which the district court had also adopted. These amendments to the category descriptions contained in the category description table distinguished the claim from Schwartz in two ways, but did not distinguish or disclaim any other relationship between a category description and something else. So after the amendment, the claims require that the category... When you say category, do you mean... I'm sorry. I'm confused in this case by some of the terminology. When you say category, you use that to mean value? No. I use category. Category is the word that the district court used to define the term field. The claim uses the different term category descriptions and the specification refers to something called category types. The problem here is when the district court precluded category descriptions based on field and value relationships and then defined field to be a category and defined a value to be an example of the category, what it did was preclude relationships between category descriptions, something that would describe or be an example of a category, with something like a category type, which is a category. So an example would be a category type is something like the word language. And then a category description would be something like French. So in that example, language would be a category and French would be an example of that category. That relationship becomes excluded because of the court's construction. It shouldn't have been excluded. It wasn't disclaimed. It's not precluded at all by anything in the claims. So that's where the error lies. So your view is the only thing that was disclaimed were the hierarchical relationships between one value and another? Between one category description and another category description. That's the language in the claim after the amendment. That's a little puzzling to me. I can't think of a real-world example where you would have a hierarchical relationship between values. Can you give me a real-world example? That's right. You wouldn't have one. And that's what the intent of that amendment was, was to say between category descriptions, between French. Do you understand my question? You're saying what you excluded was something that doesn't exist. What we exclude is the ability for something that would be, that we preclude a category description from being a field. That's discussed in the prosecution history on 3185. So because Schwartz had fields in Schwartz's node records, which is analogous to the file information directory, by the amendment there wouldn't be fields in the file information directory because category descriptions are not fields. They are simply... Did Schwartz have a hierarchical relationship between these category descriptions? Schwartz had two things, a field and a value. Can you just answer the question yes or no? It would be helpful to me because obviously I'm having trouble. Schwartz did not have a hierarchical relationship between different values. Schwartz had a hierarchical relationship between the field and the values. But clearly you were trying to differentiate in the whole prosecution history. The point of it was to differentiate Schwartz from your claims. And I'm not clear on how, with your characterization of the disclaimer, you're disclaiming something that you just said, I think, that Schwartz didn't even have. Can you untie that sort of precedent for me? Sure. The difference... Following the amendment, the claims required these category descriptions be defined in the category description table. Schwartz did not disclose values that were predefined. This created a problem. Schwartz's values could be just at will added to fields. And so what the inventor said at 3186, an advantage of the present system is that each category description must be defined before it can be associated with a file so that a user cannot select a category description at will. By not restricting a user to selecting defined category descriptions as presently claimed, Schwartz allows creation of one of the problems the present invention solves, that is proliferation of different descriptors for similar files. The inventors even went on in the next set of remarks at 1748 and explained that this requirement of defining category descriptions in the first instance before they're ever associated with a file is something that leads to the guaranteed search result. They said a search filter can never be defined to contain descriptors that do not already exist in the indexing system. Now going back to the issue of fields and values, by limiting category descriptions such that they are not fields and by making it clear in the claim that the only thing that gets associated with files are category descriptions which are not fields because there won't be fields in the file information directory and that distinguishes the claim from Schwartz which requires fields in the node records. Unless you have any further questions, I'd like to reserve my time for rebuttal. Sure. Let's hear from Mr. Phillips. Thank you. Good morning, Your Honors, and may it please the Court. Good morning. Chief Judge Prost, I think I'd like to start with the question that you asked which was whether or not what was excluded here was a null set. Before you get to that, Mr. Phillips, I'm sorry to interrupt you, but could you deal with the first question that Judge Rayna asked for your opponent? Of course. To clarify the status of the cross appeal? It is purely a conditional cross appeal. If this Court concludes that the district court's claim construction which led to stipulation of judgment in favor of the defendants is correct, the Court need not worry about either the 101 issue or the 112F issue in this case. Okay. Thank you. So to go back to the question of whether the claim construction is correct, it is decidedly obvious to me at least if you go back in time and look at this patent as of 1992, what this was designed to accomplish was pretty limited. It was designed candidly for people like me who were just learning how to use a word processor and trying to figure out how to take all of the stacks of stuff that were spread out over my office and put them onto a computer in a way that was intuitive to me and therefore allowed me to come up with file names that I would understand or at least my assistant would understand and then be able to obtain them. That's sensible. Well, unfortunately for the inventor, that was also precisely what Schwartz had already identified. And so in order to remove themselves from the limitations of Schwartz, they said, well, but that's because that's a hierarchical system. It inherently views these matters as fields, and therefore there are categories, and then within those you have these lists, and we're not doing that. What we're trying to do is create a purely non-hierarchical arrangement, describing it in point of fact as fieldless. And this is not your standard situation of claim construction in which you have a disclaimer in the prosecution history. This is a situation where the inventor in fact went back and changed the specific language of the claim to say category descriptions having no predefined hierarchical relationship with such list or each other, so eliminating any claim to anything that is hierarchical. So the idea that you could take that invention and try to read it onto these unbelievably sophisticated systems that Amazon and Best Buy and all the other retailers who are the defendants in this case have developed in order to allow a consumer to obtain access to the specific camera with the exact features that he or she is looking for is beyond a leap of faith. It's a fundamentally different system that came into existence probably not long after 1992, but was designed with a much larger problem in mind than the one that the inventors had in this particular case. Their solution was… Yes, ma'am. This is Judge Bryson. Oh, Judge Bryson. Hi, how are you? Good. Let me see if I understand what your view of the scope of the disclaimer or the revision was. Do you think that it effectively disclaimed systems that must use hierarchical relationships are only systems that permit the use of such relationships? I think it excludes systems that may use and do use hierarchical relationships. Anything that could be implemented in a hierarchical fashion would be outside the scope of the revised claim. I would argue that, although I don't think I need to go that far in this case because we, in fact, obviously do use hierarchical relationships and, therefore, are not within the scope whether we would have to. I mean, realistically, we would have to in order to achieve what we're trying to accomplish at the end of the day. But I think the bottom line is they disclaimed hierarchical relationships and, therefore, if you use hierarchy… And it's important, the stipulation can't be any clearer that if you think of the fields and values in the way that I think anyone reasonably would understand them as being hierarchical, if you view them that way, they are, by the express terms of the patent disclaimer, not subject to this invention and, therefore, non-infringing. I understand that, but what I'm trying to figure out is whether your system is amenable to using a non-hierarchical structure under certain circumstances or not. Presumably, there could be a system in which that could be done, and the question would be is that within the scope of the claims as revised. I'm not 100% sure what the right answer to that is because you're talking about a world in 1992 in which you could have envisioned at least some simple systems being non-hierarchical that might, in fact, have still been subject to this. I think once you get past about 1996, 1997, it's very difficult to imagine a world in which a computer system could operate in a non-hierarchical environment and still be even remotely effective in accomplishing what the user is trying to achieve in these circumstances. I'm happy to turn over to 101 and 112, but the reality is... Can I ask a further question? Yes, of course. Mr. Phillips, just a little more on this claim construction. This case is a bit confused because there was one claim construction and then a clarification, and you argued in red that SpeedTrack has conceded non-infringement even under the district court's first claim construction, and they come back in yellow and say, no, no, no, no, no, we never conceded infringement only on the first and not the second. So two parts. One, you haven't had a chance to respond to that yet, and relatedly, is it your view that there's a real difference in scope between the claim construction first and second? No, I'll answer the second part of that first. No, I actually don't think there is. I think what happened was that the district court, once it was clear precisely what SpeedTrack was focused on as the infringing actions by the defendants in this case, it became clearer that what we're talking about here is, in fact, a hierarchical system. And so at that point it became easier to be comfortable with the exclusion of all hierarchical arrangements as having achieved precisely what the inventor had in mind under those circumstances. But the bottom line is that even if you go back to the stipulated construction in Walmart, that still, and candidly goes back to the plain language of Claim 1 as it applies to all of them, which is that it takes out, it's having no predefined hierarchical relationship with such lists or each other. That language plainly says, look, we're dealing with a field list invention, and if you're using that, then you've got a problem. But if you're using a hierarchical scheme, then you're in a different world, and that's candidly the world in which my clients operate. And that's why, frankly, this is not infringing onto that understanding. It wouldn't have been infringing, candidly, even prior to the clarification by the court. Again, if there are no further questions on that, I'm happy to rest on 101 and 112, because I say those are conditional cross appeals they raise, to my mind, interesting questions. But I don't want to indulge or intrude on the court's time with issues. Let me just ask you one quick kind of condensed question about the 101, because we've got quite a lot of jurisprudence now in that area. So what are the closest cases? Can you identify one or two cases where we held it was not patent eligible and the claims were analogous to the claims we have here? Well, the case is, I mean, candidly, the case that I know the very best in this entire area, obviously, is Alice, and I think it's incredibly – I think this case is much easier than Alice was, because to me these are – this is much more of an abstract concept that's been embodied here and adds nothing to it. But I think the case that's the closest is intellectual ventures, where you're just talking about labels and identifying, organizing, locating a desired resource. This doesn't change the computer. It changes how the user interacts with the computer and puts, frankly, 99% of the work is done, candidly, by the user in this situation by creating all of the files in the system by which they obtain those files. Counselor, this is Judge Reina. With respect to the guarantee limitations, would you say that the patent improves a technological problem with a technological solution in that it provides you with a – it guarantees your response for every time you do a search? The answer is no, because there's not a technological solution to it. It's merely a statement of outcome. The problem with this patent is it doesn't provide an algorithm or any other method for determining whether or not you're going to end up with a guaranteed result other than, I suppose, the sort of common sense notion that if you create a file and put something in the file and then you call for the file, it will always give you something. So in the simplest use of this, I could imagine it would operate that way. But there's no ability for somebody to be on notice as to what you need to do in order to ensure that outcome. So the answer to that is no. That creates both a 101 problem and then becomes a complete 112 issue because at the point of novelty, right, which is this guarantee, that's the point where you have nothing but functional claiming, and this Court has been quite clear that you cannot get over the – you cannot create the point of novelty and then turn to functional claiming as the mechanism for trying to get a patent. And so on either way, this is clearly an invalid patent, Your Honor. Thank you. Thank you, Your Honor. Are there no further questions I urge the Court to affirm? Hearing none, thank you. Mr. Block, you've got some time left. Yes, Your Honor. Thank you. Let me start with the – go back to the hierarchical issue. And I want to make clear that what was amended in this claim was literally only category descriptions having no predefined hierarchical relationships with such lists or each other, nothing else. The patent talks about these category types. It uses the category types in the category description table shown in Figure 3. So if you see Figure 3, the category descriptions are everything with the numeric identifiers, and the category types are those headings. And those – So, Counselor, is it the case – are you saying that something was disclaimed here? I'm saying that what was given up was what was in the amendment. And what the amendment says is that the category description – Wait, when you say given up, you mean disclaimed? I mean disclaimed through amendment, yes. So what is it that – what do you think was disclaimed through the amendment? Two things, that the category descriptions now must comprise a descriptive name and that those same category descriptions must have no predefined hierarchical relationship with such lists or each other. Looking at Figure 3, what that's describing is only the terms having those numeric identifiers, not the four labels at the top of each column. Those are the category types. So exclude the category types, look at those columns, look at those terms. There's no hierarchical relationship between them. Agreement, for instance, the first one in the first column, is no more subordinate or subordinate to any other one. Does the word predefined have any meaning here with respect to hierarchical relationships? Well, there's a description in the file history. Isn't that what she disclaimed, predefined hierarchical relationship? Predefined would be something like – well, the patentee just talked about a predefined hierarchical relationship in Schwartz, and so in Schwartz there were two steps. There was identifying or creating the field language, and then that's – This is how you can help me. This is what it seems to me that the disclaimer in the amendment, and that is category descriptions that have no predefined hierarchical relationships. Is that what you disclaimed? With such list or each other, yes. Well, it seems to me you gave up hierarchical relationships. Between category descriptions, not all hierarchical relationships anywhere else in the system, such as a relationship between a category type and a category description, and that's the problem with the court's construction, is it defines the field category. It seems like the amendment is fatal. You chopped off the head off the monster, and the entire monster dies. It doesn't live on. Well, I disagree. I think that what's chopped off here is a relationship among category descriptions, not among any other thing with the category descriptions. Why is that not the head? I'm sorry. Go ahead, Judge Gross. Oh, no, no. I think we're on the same wavelength, Judge Ray. So what is such list? So such list was agreed upon by the parties to mean the category description table. The district court at Appendix 22 and Footnote 1 explained that he understood such list to refer to the list or arrays in the category description table because the construction for category description table required lists or arrays. So he just equated such list to those lists or arrays of the category description table. So those are the lists shown in Figure 3. In other words, no category description, none of these words having the numbers next to them, would be superordinate or subordinate to any one of these lists. In other words, they're flat lists. So you have, again, agreement is not the heading of the column. File type is. That's something different. That's not the category description. That's the category type. And those category types exist because they're used in the display to convenience the user to find the category descriptions they're interested in when they're creating their search filter. That's totally different than anything Schwartz described. Schwartz didn't have such a display. The examiner agreed with that at 1698. So the discussion in the amendment we're talking about, the discussion between the examiner and the inventors had nothing to do with category types. It wasn't mentioned. It wasn't described. What was being discussed were relationships among category descriptions only. And, in fact, category types can be required and they're allowed in Claim 3. Dependent Claim 3 says, in addition to having a descriptive name be your category description, let's have the category description further comprise a category type designation. In other words, let's include the category type, let's make it part of the category description, not separate from, and that's within the scope of the claims. It's on Appendix 117. In other words, that relationship, the relationship between a category or a category type and a category description was not disclaimed at all by the amendment. And the examiner had to understand that because he left in Claim 3. He wouldn't have allowed it if that was not permitted under Claim 1 as amended. Can I just go back to the list thing? This is Judge Crouch. Yes. Doesn't the amendment also disclaim a hierarchical relationship with the category types at the top? And isn't that part of the list, which you say is this table? No, they're not part of the list because the table was the construction for category description table was simply the list. And looking at Appendix 34 gives the stipulated construction for category description table, which is at least one list or array containing a plurality of category descriptions. The category types not referred to in that stipulated construction. And, in fact, category types are not required by the invention. They're the preferred embodiment. So when it refers to such lists, it's just referring to the lists of the category descriptions, not the category type that heads the column or the list. Okay. Well, correct me if I'm wrong, but I didn't hear you responding at all to the cross-appeal issue on 101. Am I correct about that? I have a few points I'd like to make if I have some time. I want to make clear that this is – Well, your time – I wasn't trying – I mean, it's your choice. But, one, you don't have time, and, two, if you respond, then Mr. Phillips gets his rebuttal time. If you don't respond, he does not. So your call. I just want to point out that there is an improvement in computer functionality in terms of how you define a search filter that can both prevent mistyping of search queries and guarantee a search result or make sure that there's always at least one file found. And that solved a number of problems in search functionality. Number one, there were hierarchical folder structures that had the problem, where do you place the file in the first place, and then how do you locate it again? And then there were these search engines describing column two at the bottom, starting in line 62 all the way up through the middle of line three – I'm sorry, column three – problems including mistyping and a number of other problems that were solved by this problem. So there is a technical solution here. What would you say is a claimed advance of the invention? Is it the guarantee limitation? Yes, Your Honor. Okay. In addition to the combination that allows for the guarantee, the combination of the predefined category descriptions used in the file information directory and then used to be the search filter components. So the guarantee comes because there's all of these things that happened beforehand. So let me see if I understand what your answer is to Mr. Phillips' argument that you really haven't shown an algorithm or any other mechanism that implements the function that you're claiming, the function being every category description has – well, I guess it's every unit will respond with at least one component, whatever names you give to those. Your argument, I take it, to take it in its simplest form, is that your invention is to take all the various things that were on Mr. Phillips' desk back at the time of this patent and put each of them, give each of them a name and put each of them on, let's say, a desktop or some early version of a desktop. Each of them containing one item with a name and therefore no category or file or unit having a null set of entries. Is that basically what you're saying is the implementation of the idea? No, that's not correct. What happens here is you would create a number of – What was the implementation then other than that? That was – show me what it is that you do that's different from that and is shown in the patent to produce the result that every unit has at least one entry. Sure. Let me direct you to column 10 at line 20, appendix 113. In the process of search and retrieval, the invention overcomes the problem of search filter definition, ensuring that the user defines a filter which will always find at least one file, thus avoiding wasting time in searching for data that cannot be matched. This is achieved in two ways. First, the user is not required to type the keywords to search. Instead, the user simply chooses the words in random order from pick lists, making mistyping impossible. Second, as the user builds the search filter definition, categories which would find no data are automatically excluded as pick list possibilities. The specification goes on from there to describe in detail how what I just described works, starting at column 10, line 37, through column 11, line 16, and then picks up again at column 12, line 21, through column 13, line 52. I just want to make one more point about this algorithm issue. The idea that defendants had no idea what the algorithm was is belied by the description they put in their own motion under 101 at appendix 662 through 664. They described the algorithm in detail. They cited to the parts of the patent I just read to you to describe the algorithm and how a search result would be guaranteed. Okay. Thank you. Mr. Phillips, you're up again for rebuttal just on the cross-appeal. Thank you, Your Honors. I'll be quite brief. First of all, with respect to my friend's reference to mistyping, it's worth at least noting that mistyping is not one of the things that is claimed in claim number one. While that's obviously discussed, it's not a specific advance in terms of what the claims call for. And then with respect to the guarantee, I would ask the court simply to read what he read out loud to you. There is no technical explanation as to how this is achieved. What is described is you put things into a file. If for some reason things come out of the file, that file will then disappear, but no explanation of how that happens or what the technical advance is here. This, to me, is a fairly simple, straightforward explanation of how a logical system works, not a technical advance that would go to 101 requires. Counselor, is it your view that the algorithm has to be expressed in the claim? Can it be expressed in the specification? Oh, I think the algorithm can be expressed in the specification under 112 if it's clear enough. The problem, obviously, is they disavow 112. So then in that circumstance, it seems to me it has to be in the claim. Yeah, for 101 purposes, does it have to be in the claim? I don't think it has to be in the claim strictly for 101 purposes, although in this context 101 and 112 dovetail quite nicely, and it makes it a more complicated question. I don't think in the ordinary 101 issue you would necessarily have to have that. But, again, you'd need to have something that was very explicit in the language that would get you to the algorithm if you don't bother to put the algorithm in. We don't have anything like that here. We simply have the statement of a result, and that's at the core of both what 101 and 112 preclude, and that's why it's invalid as a matter of law, Your Honor. Thank you. We thank both sides, and the case is submitted. That concludes our proceeding for this morning. Thank you, Your Honor. Thank you, Your Honor. The Honorable Court is adjourned until tomorrow morning at 10 a.m.